**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ALANS CORNER, LLC ) | Case No. 17-12669-BFK |
| ) | Chapter 7 |
| Debtor ) | |
| ) | |

**ORDER GRANTING TRUSTEE'S MOTION
TO APPROVE THE SALE OF REAL PROPERTY
FREE AND CLEAR OF LIENS AND REQUESTING RELATED RELIEF**

Upon consideration of the Trustee's Motion to Approve the Sale of Real Property Free and Clear of Liens and Requesting Related Relief (the "Motion") (Docket No. 43), filed by Janet M. Meiburger, Chapter 7 Trustee (the "Trustee"), requesting authorization to sell the Debtor's real property located at 43184 Town Hall Plaza, Chantilly, Virginia 20152 free and clear of liens, and notice having been given to all parties, and a hearing having been held thereon, and the buyer of the property, Insite Real Estate Investment Properties, LLC, and the U.S. Small Business Administration having consented to the entry of this order, as indicated by the signatures of their counsel below, and the Court finding that good cause exists to grant the Motion, it is hereby

ORDERED that the Trustee is authorized to sell the real property, the legal description of which is as follows:

CONDOMINIUM UNIT 4-5, MAIN STREET CONDOMINIUM, AS PER DEED OF CONSOLIDATION

---

Janet M. Meiburger, VA Bar No. 31842
The Meiburger Law Firm, P.C.
1493 Chain Bridge Road, Suite 201
McLean, VA 22101
(703) 556-7871
Counsel for Chapter 7 Trustee

WITH PLAT ATTACHED THERETO, DATED APRIL 15, 2009 AND RECORDED AS INSTRUMENT NUMBER 20090515-0031207 AND PLAT THEREOF RECORDED AS INSTRUMENT NUMBER 20090515-0031208, AS AMENDED AND CORRECTED BY THE AMENDED AND CORRECTED DEED OF CONSOLIDATION RECORDED JUNE 5, 2009 AS INSTRUMENT NUMBER 20090605-0037079 WITH PLAT FILED AS INSTRUMENT NUMBER 20090605-0037080;

TOGETHER WITH ALL UNDIVIDED INTEREST IN THE COMMON ELEMENTS APPURTENANT THERETO, ESTABLISHED PURSUANT TO THE DECLARATION OF CONDOMINIUM DATED SEPTEMBER 15, 2006 AND RECORDED SEPTEMBER 27, 2006 AS INSTRUMENT NO. 20060927-0082834 WITH PLAT RECORDED AS INSTRUMENT NO. 20060927-0082835, AS AMENDED BY FIRST AMENDMENT OF CONDOMINIUM DECLARATION OF MAIN STREET CONDOMINIUM RECORDED AS INSTRUMENT NUMBER 20070530-0040362 WITH PLAT RECORDED AS INSTRUMENT NO. 20070530-0040363 AND AS FURTHER AMENDED BY SECOND AMENDMENT OF CONDOMINIUM DECLARATION OF MAIN STREET CONDOMINIUM DATED APRIL 16, 2009 AND RECORDED AS INSTRUMENT NUMBER 20090515-0031206 AS AMENDED AND CORRECTED BY THE AMENDED AND CORRECTED SECOND AMENDMENT OF CONDOMINIUM DECLARATION OF MAIN STREET CONDOMINIUM RECORDED JUNE 5, 2009, AS INSTRUMENT NUMBER 20090605-0037077 WITH PLAT RECORDED AS INSTRUMENT NO. 20090605-0037078, ALL AMONG THE LAND RECORDS OF LOUDOUN COUNTY, VIRGINIA.

(together with all improvements thereon, all personal property of Alans Corner LLC located at the foregoing real property, and all intangible property of Alans Corner LLC relating to the use, operation and maintenance of such real property, the "Property") to Insite Real Estate Investment Properties, LLC (together with its permitted assigns, the "Buyer"), pursuant to the Purchase and Sale Contract (the "Contract") attached to the Motion as Exhibit A; and it is further

ORDERED that the relief requested in the Motion is granted and the Contract, including all ancillary documents thereto, and all terms and conditions thereof, are hereby approved; and it is further

ORDERED that, pursuant to Section 363(b) of the Bankruptcy Code and subject to the satisfaction (or to the extent permitted by applicable law, written waiver by the Trustee or Buyer, as the case may be) of the closing conditions set forth in the Contract, the Trustee is authorized to (a) fully perform under, consummate and implement the sale of the Property to the Buyer in accordance with the terms and conditions of the Contract, (b) execute and deliver, fully perform under, and implement the Contract, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Contract and the transactions contemplated thereby, and (c) to take all further actions as may be reasonably requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer the Property to be conveyed pursuant to the terms of the Contract, or as otherwise may be necessary or appropriate to perform the obligations contemplated by the Contract; and it further

ORDERED that this Order shall be binding in all respects upon Alans Corner, LLC (the "Debtor"), its estate, all creditors, all holders of equity interests in the Debtor, all holders of any claims (whether known or unknown) against the Debtor, any holders of Liens and Claims (as that term is defined herein) against or on all or any portion of the Property, and the Buyer and all successors and permitted assigns of the Buyer under the Contract. This Order and the Contract shall inure to the benefit of the Buyer and its successors and permitted assigns; and it is further

ORDERED that upon closing on the sale of the Property to the Buyer and pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, except as otherwise expressly set forth in the Contract, the Property shall be transferred to the Buyer free and clear of (i) all mortgages, deeds

3

of trust, security interests, conditional sale or other title retention agreements, rights of first refusal, options, pledges, liens (including, but not limited to, any and all "liens" as defined in Section 101(37) of the Bankruptcy Code), taxes, tax liens, judgments, demands, or encumbrances of any kind or nature, if any; and (ii) all debts arising in any way in connection with any acts or omissions of the Debtor, any claims (including, without limitation, any and all "claims" as defined in section 101(5) of the Bankruptcy Code) against the Debtor, whether arising prior to or subsequent to the commencement of this bankruptcy case, whether matured or unmatured, liquidated or unliquidated, whether known or unknown, and whether imposed by agreement, understanding, law, equity or otherwise, including without limitation, any claim based upon successor liability (whether statutory or otherwise) and those claims of the kind specified in Sections 502(g), 502(h) and 502(i) of the Bankruptcy Code; and (iii) other interest which any person or entity has or asserts with respect to the Property (collectively, "Liens and Claims"). The Buyer shall have no successor or vicarious liabilities of any kind or character whether known or unknown, as of the transfer of the Property to the Buyer, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtor or any affiliate thereof under or by reason of any theory at law or equity.  Notwithstanding the foregoing, nothing in this Order or the Contract releases or nullifies any liability to a governmental entity under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order.  Furthermore, notwithstanding anything in this order or the motion, the property is not being sold free and clear of any interest of the Federal government or its agencies or entities other than the interest of the U.S. Small Business Administration identified in the paragraph immediately below and it is further

ORDERED that, without limiting the foregoing paragraph, the Trustee is authorized to sell the Property free and clear of the second mortgage held by the U.S. Small Business Administration recorded among the land records of Fairfax County, Virginia on June 30, 2009 as instrument number 20090630-0043673, pursuant to Bankruptcy Code § 363(f)(2); and it is further

ORDERED that the Trustee is authorized to sell the Property free and clear of the leasehold interest of Discovery Station, LLC, as tenant, pursuant to the lease between the Debtor as landlord and Discovery Station, LLC as tenant, dated May 15, 2009, as amended on June 26, 2009, such lease having been rejected pursuant to 11 U.S.C. §365(a) and terminated according to its terms.  All right, title and interest of Discovery Station, LLC in and to the Property, including, without limitation, any right of use or possession of the Property under Virginia law and any right of use or possession of the Property under Section 365(h)(1)(A)(ii) of the Bankruptcy Code, shall be irrevocable extinguished upon closing on the sale of the Property to the Buyer; and it is further

ORDERED that the Trustee is authorized to consummate the sale of the Property to the Buyer, to pay the first mortgage to EagleBank at closing, to pay One Hundred Seventy Thousand and no/100 Dollars ($170,000.00) to the United States Small Business Administration at closing, and to execute any and all documents in connection therewith which are customary in such a transaction, without further Court approval; and it is further

ORDERED that upon closing on the sale of the Property to the Buyer, all Liens and Claims against the Property shall, without the necessity of further action on the part of the Buyer, the Trustee or any creditor, be deemed released and discharged and shall attach to the proceeds of the sale price paid by the Buyer, in the order of their priority, with the same validity, force and

5

effect which they now have against the Property.  Upon closing on the sale of the Property to the Buyer, the creditors of the Debtor are authorized and directed to execute such documents and take all other actions as may be necessary to document the release of their Liens and Claims against the Property, if any, as such Liens and Claims may have been recorded or may otherwise exist; and it is further

ORDERED that the Trustee is authorized to pay from the proceeds of sale the past due real estate taxes and the cost of a survey of the Property, up to $5,000.00, as provided in the Purchase and Sale Contract, and the bankruptcy estate's share of the ordinary and customary costs of sale, including the real estate commissions, the grantor and transfer taxes and real estate tax pro-rations; and it is further

ORDERED that the Buyer is a good faith purchaser entitled to the protections of Bankruptcy Code § 363(m) with respect to the transactions contemplated by the Purchase and Sale Contract and, accordingly, the reversal or modification on appeal of this Order will not affect the validity of the sale of the Property to the Buyer, unless this Order is duly stayed pending appeal prior to the closing of the sale; and it is further

ORDERED that the failure to specifically include or refer to any particular provision of the Contract in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Contract be authorized and approved in its entirety; and it is further

ORDERED that this Order shall not be stayed for fourteen (14) days after entry, as would otherwise be required by Bankruptcy Rule 6004(h), and notwithstanding any provision of the Bankruptcy Code or Bankruptcy Rules to the contrary, including but not limited to Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry.

Date: May 2 2018          /s/ Brian F. Kenney

                                                     U.S. Bankruptcy Judge

Entered on Docket: May 3, 2018

I ASK FOR THIS:

/s/ Janet M. Meiburger
Janet M. Meiburger, Esq., VSB No. 31842
The Meiburger Law Firm, P.C.
1493 Chain Bridge Road, Suite 201
McLean, Virginia 22101
Phone: (703) 556-7871
*Counsel to the Chapter 7 Trustee*

SEEN AND AGREED:

/s/ Robert K. Coulter
Robert K. Coulter, Esq., VSB No. 42512
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3745
*Counsel to the United States of America*

SEEN AND AGREED:

/s/ Walter R. Kirkman
Walter R. Kirkman, Esq., VSB No. 89858
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
100 Light Street, 19th Floor
Baltimore, MD 21202
Phone: (410) 862-1150
*Counsel to Insite Real Estate Investment Properties, LLC*

SEEN AND AGREED:

/s/ Benjamin P. Smith

Benjamin P. Smith, Esq., VSB No. 90430
Shulman, Rogers, Gandal, Prody & Ecker, P.A.
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland  20854
Phone: (301) 230-5241
*Counsel to EagleBank*

<u>Local Rule 9022-1(C) Certification</u>

I hereby certify that the foregoing [proposed] Order Granting Trustee's Motion to Approve the Sale of Real Property Free and Clear of Liens and Requesting Related Relief has been endorsed by all necessary parties.

/s/ Janet M. Meiburger
Janet M. Meiburger

**PARTIES TO RECEIVE COPIES BY MAIL:**

    Civil Process Clerk
    Justin W. Williams United States Attorney Building
    2100 Jamieson Avenue
    Alexandria, VA 22314

    Attorney General of the United States
    U.S. Department of Justice
    950 Pennsylvania Avenue, N.W.
    Washington, D.C. 20520-0001

    Mark S. Albanese
    4041 University Drive, Suite 301
    Fairfax, VA 22030
    *Registered Agent for Discovery Station, LLC*

    Lee Berlin
    5313 Kernstown Court
    Haymarket, VA 20169

    Carolyn H. Berlin
    5484 Rodriguez Lane
    Haymarket, VA 20169

//mnt/orders/Attachments/doctopdf/alldocs/17-12669~20180430061608639.doc